UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIUS GUYTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV820 AGF |
| ) | (TIA) |
| JEFF NORMAN,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Darius Guyton for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

On June 13, 2003, a jury in the Circuit Court of St. Louis City convicted Petitioner of murder in the second degree, armed criminal action, and attempted escape from custody. (Resp't Ex. C pp. 21, 68-70) The court sentenced him as a prior and persistent offender to thirty years for murder, thirty years for armed criminal action, and five years for attempted escape, the sentences to run concurrently. (Resp't Ex. C pp. 21-22) Petitioner is presently serving out his sentence at the Jefferson City Correctional Center ("JCCC").

Petitioner appealed the judgment entered on the conviction for attempted escape, and on February 1, 2005, the Missouri Court of Appeals affirmed. State v. Guyton, 158 S.W.3d 252 (Mo.

---

[1] Jeff Norman is now listed as the Warden of the Jefferson City Correctional Center, where Petitioner is currently in custody. Therefore, his name will be substituted as the named respondent in this action. 28 U.S.C. § 2254, Rule 2(a). Future pleadings should reflect this change in the caption.

Ct. App. 2005). His motion for rehearing or to transfer to the Missouri Supreme Court was denied March 23, 2005. Id. Petitioner filed a pro se motion to vacate, set aside or correct the judgment or sentence in state court on April 29, 2005, alleging ineffective assistance of counsel. (Resp't Ex. H pp. 4-26) He filed an amended motion on August 31, 2005. (Id. at 33-43) On March 14, 2007, the trial court denied Petitioner's amended motion for relief under Rule 29.15. (Id. at 82-87) The Missouri Court of Appeals affirmed the denial of post-conviction relief on June 3, 2008. (Resp't Ex. J) On May 22, 2009, Petitioner filed the present petition for a writ of habeas corpus in federal court. (Pet., ECF No. 1)

## **FACTUAL BACKGROUND**

On August 27, 2001, Petitioner engaged in a fight with another individual, and some neighborhood residents broke up the altercation. (Resp't Ex. D pp. 214-15) After everyone walked away, Petitioner got into a car and started to chase and shoot at one of the residents. (Id. at 215) A car chase ensued, after which Petitioner crashed into a wall, and the individuals separated. (Id. at 216-17)

Later that day, witnesses saw Petitioner arguing with another individual about not helping Petitioner during the earlier fight. (Id. at 217-18) After they threw punches, Petitioner shot and killed the victim, then ran away. (Id. at 218-19) The police arrested Petitioner after eyewitnesses identified him as the shooter. While Petitioner was at the police station, he was handcuffed to the interview table. State v. Gutyon, 158 S.W.3d 252, 254 (Mo. Ct. App. 2005). One cuff was attached to Petitioner's wrist, and the other was attached to an eyelet bolted to the table. Id. The officer left the room and returned on two occasions, for about 15 minutes each time. Id. When he returned the second time, he noticed that Plaintiff had broken off two pieces of the handcuff attached to the table.

2

Id. According to the officer, if Petitioner "broke off one more piece, he'd have been free." Id. (internal quotations omitted). Petitioner was then placed in different handcuffs and charged with attempt to escape from custody. (Resp't Ex. D p. 289)

## PETITIONER'S CLAIMS

In his petition, Petitioner raises two grounds for habeas relief:

(1) The trial court erred in submitting the verdict directing instruction number pertaining to attempted escape from custody because it failed to include a definition of escape;

(2) Trial counsel was ineffective for failing to inform Petitioner of his right to testify. Respondent contends that this Court should deny the petition because Petitioner's claims lack merit under 28 U.S.C. § 2254(d).

## LEGAL STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams

v. Taylor, 529 U.S. 362, 412-413 (2000).  With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006).  In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  Williams, 529 U.S. at 411.

To establish ineffective assistance of counsel petitioner must satisfy a two prong test.  Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error.  Id. at 694; Bucklew, 436 F.3d at 1016.  In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable."  Bucklew, 436 F.3d at 1016 (citation omitted).  Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment."  Id. (citation omitted).  Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d).  Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

4

# DISCUSSION

## Verdict-Director on Attempt to Escape from Custody

Petitioner first argues that the trial court erred in allowing the verdict directing instruction on attempted escape from custody without including a definition of escape. Respondent asserts that this claim is not cognizable because instructional error is a matter of state law, or, alternatively, that Petitioner's claim lacks merit. The Court agrees with Respondent's contention.

The Missouri Court of Appeals reviewed this issue for plain error and found that, although the lower court omitted the definition of the object crime in its verdict director, as required by the pattern instruction for attempt, the instruction did not misdirect or fail to instruct the jury. Guyton, 158 S.W.3d at 254, 256. The court explained:

> Failure to give an applicable pattern instruction in accordance with the notes on use is error, but its prejudicial impact is to be judicially determined. *State v. Richardson,* 923 S.W.2d 301, 318 (Mo. banc 1996). In this case, because Guyton failed to properly preserve this error for appeal, we will only review for plain error. Instructional error seldom constitutes plain error. *State v. Thomas,* 75 S.W.3d 788, 791 (Mo. App. E.D.2002). Guyton must demonstrate that, by giving this instruction, the trial court "so misdirected or failed to instruct the jury that it is evident that the instructional error affected the jury's verdict." *State v. Baker,* 103 S.W.3d 711, 723 (Mo. banc 2003).
>
> Guyton argues that without a definition of escape from custody the instruction allowed the jury to convict him on fewer than the essential elements because it failed to include the requisite mental state. Because the statute defining this crime does not include a mental state, the culpable mental state for escape from custody or attempted escape from custody is established if the defendant acted "purposely or knowingly." Section 562.021.3; *see also* MAI–CR3d 329.72 (pattern instruction for attempted escape from custody requires jury find defendant committed certain acts and "thereby knowingly" attempted to escape and "did so (knowingly) (for the purpose of escaping).") (10–1–98); *see also* MAI–CR3d 329.72, Notes on Use 5.

> The instruction given in this case required that the jury find Guyton guilty if the evidence showed that he, "while handcuffed to a table after arrest for murder, damaged the handcuffs," that this conduct was a substantial step toward committing the offense of escape from custody and that he "engaged in such conduct *for the purpose of* committing such escape from custody." (emphasis added). Although this instruction did not require a finding that Guyton acted knowingly, the jury was instructed that it had to find he acted purposely. This is sufficient to establish that the defendant acted knowingly: "[w]hen acting knowingly suffices to establish a culpable mental state, it is also established if a person acts purposely." Section 562.021.4; *see also State v. Carpenter,* 57 S.W.3d 405, 410 (Mo. App. S.D. 2001) (purposely is higher mental element than lower mental element of knowingly). Thus, the instruction did contain all the essential elements, including the requisite mental state.
>
> . . .
>
> Here, however, the failure to define the object crime was harmless because the instruction otherwise contained all the essential elements, including that Guyton acted with the requisite mental state—that is, for the purpose of attempting to escape. The jury could not logically find that Guyton was purposely trying to escape without concluding that he knowingly attempted to escape by damaging the handcuffs. *See State v. Bozarth,* 51 S.W.3d 179, 182 (Mo. App. W.D. 2001) (failure to define "knowingly" in instruction on attempted escape from confinement did not lower State's burden of proof because instruction also required finding that defendant acted with purpose of escaping). Thus, the instruction contained the essential elements of the crime and did not lower the State's burden of proof.
>
> Because the instruction did not misdirect or fail to instruct the jury such that the jury's verdict was affected, we find no plain error. Point denied.

Id. at 254-56 (footnotes omitted).

In this case, the determination of the state court was not contrary to, nor did it involve an unreasonable application of, federal law. First, in order to receive habeas relief, a petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). "Errors of state law are not entitled to habeas relief and 'cannot be repackaged as federal errors simply by citing the Due Process Clause.'" Westfall v. Steele, No. 4:08-CV-250 CEJ, 2011 WL 572440, at *6 (E.D. Mo. Feb. 15, 2011) (quoting Carson v. Dir. of Iowa Dep't of Corr. Servs., 150 F.3d 973, 975 (8th Cir. 1998)). "The formulation of jury instructions primarily concerns the application and interpretation of state law." Louisell v. Dir. of Iowa Dep't of Corrs., 178 F.3d 1019, 1021 (8th Cir. 1999) (citation omitted). Thus, a state court's failure to define elements of an offense in a jury instruction does not present a constitutional issue. Westfall, 2011 WL 572440, at *6 (citing Carson, 150 F.3d at 976)).

Further, even if Petitioner's claim of instructional error was cognizable, the claim lacks merit. When an instruction is deficient, the Petitioner must establish not only that the instruction is erroneous, "'but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.'" Beets v. Iowa Dep't of Corrs. Servs., 164 F.3d 1131, 1134 (8th Cir. 1999) (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973)). "Habeas corpus relief may be granted only when an erroneous jury instruction constituted 'a fundamental defect' that resulted 'in a complete miscarriage of justice, [or] an omission inconsistent with rudimentary demands of a fair trial.'" Louisell, 178 F.3d at 1022 (quoting Crump v. Caspari, 116 F.3d 326, 327 (8th Cir. 1997)). According to Missouri law, "'where a verdict director effectively omits an essential element of the offense, such an instruction rises to the level of plain error if the evidence in the case fails to establish the existence of the omitted element beyond serious dispute.'" Cody v. Wallace, No. 4:09CV00301 ERW, 2012 WL 1025023, at *7 (E.D. Mo. March 26, 2012) (quoting State v. Neal, 328 S.W.3d 374, 383 (Mo. Ct. App. 2010) (internal quotations and citations omitted)). However, where the reviewing court determines beyond a reasonable doubt that overwhelming evidence supported the omitted element and that no rational

7

juror could find the element was not satisfied if properly instructed, the conviction may be affirmed under federal law. Id. (internal quotations and citations omitted).

In Petitioner's case, the overwhelming evidence established every element of attempted escape from custody, rendering the instructional error harmless. The interviewing officer testified, and the court of appeals found, that Petitioner had been tampering with the handcuffs and had broken off two pieces of the cuff attached to the table. (Resp't Ex. D pp. 289, 329); Guyton, 158 S.W.3d at 254. According to the officer, who used the broken handcuffs at trial to demonstrate Petitioner's attempted escape, Petitioner would have been free if he had broken one more piece. (Resp't Ex. D pp. 333)

The state court found, and the Court agrees, that the instruction included the requisite mental state, for the purpose of attempting to escape. Guyton, 158 S.W.3d at 255. The instruction required the jury to find Petitioner guilty if the evidence showed that he took a substantial step toward committing the offense of escape from custody and engaged in such conduct for the purpose of committing such escape. (Resp't Ex. C p. 94) The court held that this instruction "contained the essential elements of the crime and did not lower the State's burden of proof." Guyton, 158 S.W.3d at 256. Thus, the trial court's failure to include the definition of the object crime of escape from custody was not a fundamental defect resulting in a miscarriage of justice. See Cody, 2012 WL 1025023, at *7 (finding no miscarriage of justice where the trial court erred in allowing a jury instruction that omitted that the jury must find the petitioner acted knowingly in committing felonious restraint). As such, Petitioner's first claim for habeas relief should be denied.

## Ineffective Assistance of Counsel

Next, Petitioner argues that counsel was ineffective for failing to inform Petitioner that he

8

could decide whether to testify. Instead, Petitioner asserts that counsel told him he could not testify due to prior convictions. Respondent, on the other hand, argues that Petitioner has failed to satisfy the test articulated in Strickland, and therefore his claim of ineffective assistance of counsel lacks merit. The undersigned agrees with Respondent.

As determined by the Missouri Court of Appeals:

> In his sole point on appeal, movant argues that his trial counsel rendered ineffective assistance by failing to inform him of his fundamental right to testify at trial. Movant contends that if he had known he had the right to testify he would have done so.
>
> An individual's right to testify on their own behalf is a fundamental right that can only be waived by that individual. Kuhlenberg v. State, 54 S.W.3d 705, 708 (Mo. App. E.D. 2001). In most cases, counsel's advice regarding whether a defendant should testify is a matter of trial strategy and absent exceptional circumstances does not constitute a ground for post-conviction relief. Id. However, if counsel refuses to allow a defendant to testify, this would warrant relief in a post-conviction proceeding. Id.
>
> The motion court found that movant knew about his right to testify and acquiesced in counsel's advice not to do so. This finding is not clearly erroneous. During movant's criminal trial, the court explained to movant that he had the right to testify and that it was his decision "alone" to make. The court informed movant as follows:
>
> THE COURT: And, [movant], I have no desire to interfere with your communications with your attorney, but I want you to understand that you have the right to testify or not to testify, as you alone choose, and unless I hear something from you to the contrary, I will assume that you and your lawyer are in agreement about your not testifying. Do you understand me?
>
> [MOVANT]: Yes, sir.
>
> In addition, movant's allegations are contrary to his counsel's testimony at the evidentiary hearing. As noted by the motion court, counsel testified that he told movant about his right to testify. Counsel further stated that he advised movant not to testify because

of his prior convictions. Counsel also testified that movant never said he wanted to testify. The motion court found that counsel's testimony was credible. We defer to the motion court's superior ability to judge the credibility of witnesses. Ayres v. State, 93 S.W.3d 827, 834 n.5 (Mo. App. E.D. 2002).

Movant further alleges that counsel never testified at the evidentiary hearing that he told movant that the "ultimate" decision to testify was his to make. But counsel did testify that he told movant that he had the right to testify and that it was his decision to make. During the hearing, counsel was asked whether he informed movant "that it was ultimately his decision to testify at trial?" Counsel stated that he could not say what he specifically told movant "but I know I told him he had the right to testify and the decision was his. I also know that at some point during the course of the trial, he was advised again that he had the right to testify, and it should have been on the record. You know, I can't say I told him ultimately it was his decision, but, you know, I told him he had a right to do it, and I just assumed he understood that. He seemed to understand that."

Movant relies on his deposition testimony that he gave in support of his motion. Movant testified that counsel never discussed with him his right to testify, counsel never told him it was his decision whether to testify and that he told counsel he wanted to testify. However, the motion court found that movant was not truthful. As stated, we defer to the motion court's credibility determinations. The motion court was free to believe counsel's testimony and disbelieve movant's testimony. Rousan v. State, 48 S.W.3d 576, 585 (Mo. banc 2001). Movant's point is denied.

(Resp't Ex. J pp. 2-4)

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme

Court in Strickland." Id. Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced during the trial. Strickland, 466 U.S. at 687.

This Court "does not 'second-guess' trial strategy or rely on the benefit of hindsight, . . . , and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective[.]" Williams v. United States, 452 F.3d. 1009, 1013 (8th Cir. 2006) (citations omitted). In his Rule 29.15 motion, Petitioner stated that "[t]rial counsel made the ultimate decision not to put Movant on the stand. Trial counsel never explained to Movant that it would be absolutely up to him alone whether to testify at his trial. Trial counsel never discussed with Movant the 'pros and cons' of taking the witness stand in his own defense before advising him not to testify." (Resp't Ex. H p. 38) Petitioner reiterated this position in his telephone deposition. (Resp't Ex. H pp. 60-61)

The record belies Petitioner's claim. Petitioner was advised of his right to testify and that he alone had that choice. (Resp't Ex. D p. 389) Petitioner acknowledged that he understood that right. (Id. at 390) Further, at the evidentiary hearing, trial counsel testified that he had discussed with Plaintiff his right to testify but advised him not to because of prior drug convictions. (Resp't Ex. I p. 4) Trial counsel feared that testimony about Petitioner selling drugs would turn the jury's focus away from the murder case. (Id. at pp. 4-5) In addition, counsel testified that he asked Petitioner on several occasions whether he changed his mind about testifying, and Petitioner continued to answer "no." (Id. at 10-14) Petitioner's deposition testimony is not credible given his previous statement to the court that he understood he alone had the choice whether or not to testify. Therefore, in light of Petitioner's consistent statement that he did not wish to testify in his own defense and his prior drug convictions, trial counsel's performance fell within the realm of reasonable trial strategy and was not professionally unreasonable. See Huffman v. Steele, No. 4:06CV01159,

11

2009 WL 3161486, at *8 (E.D. Mo. Sept. 28, 2009) (finding counsel was not ineffective where she advised petitioner of his right to testify and advised him not to testify due to anticipated cross-examination regarding prior convictions).

Even if counsel's performance was deficient, Petitioner has failed to demonstrate that the outcome of the trial would have been different if his attorney advised him to testify. Three eyewitnesses identified Petitioner as the individual who shot and killed the victim. (Resp't Ex. D pp. 218-19, 252-53, 265-68, 340-41, 348) The jury chose to find this testimony credible over Petitioner's girlfriend's testimony to the contrary. In light of this evidence, there is no reasonable probability that the result of the trial would have been different had he testified on his own behalf. See Thomas v. Purkett, No. 4:07CV460 CDP, 2008 WL 509549, at *5 (E.D. Mo. Feb. 22, 2008) (relying on identification evidence from two witnesses to find that "it cannot be said with any certainty that the results of the trial would have been different had [petitioner] testified."). As such, petitioner has failed to show that he was prejudiced by counsel's advice not to testify and that the outcome of the trial would have been different if he had testified. Id. Thus, the state court's decision is not contrary to, nor an unreasonable application of, Strickland, and Petitioner's second claim should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Darius Guyton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time

for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of May, 2012.